

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2005

# Ray v. Kertes

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1875

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ray v. Kertes" (2005). *2005 Decisions.* Paper 1229.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1229

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1875
_____

FREDERICK T. RAY, III

Appellant

v.

C.O. KERTES; C.O. STOLZ; C.O. REED; C.O. RODGERS;
LT. NASH; LT. HICKS; LT. A. SMITH; CAPT. ALMANSHIFER;
R. NORRIS; TIM LAUNTZ

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 99-cv-00396)
District Judge: Honorable Malcolm Muir
_____

Submitted Under Third Circuit LAR 34.1(a)
May 4, 2005

Before: NYGAARD, VAN ANTWERPEN AND STAPLETON, CIRCUIT JUDGES

(Filed :  May 10, 2005)

_____

OPINION
_____

1

PER CURIAM

Frederick T. Ray, III, *pro se*, a former inmate of the Pennsylvania State Correctional Institution at Huntingdon ("SCI-Huntingdon"), sued correctional officers and other prison officials pursuant to 42 U.S.C. § 1983 for violations of his First, Fifth, Eighth, and Fourteenth Amendment rights. Defendants Harold Kertes, John Stoltz, Michael Rodgers, Robert Reed, the late John Nash, James Hicks, William Altmanshofer, Richard Norris, Ashley Smith, and Timothy Launtz moved to dismiss the Complaint, or in the alternative, for summary judgment in their favor. The District Court dismissed the Complaint against the late John Nash, because Ray had not substituted a representative of Nash's estate in compliance with Federal Rule of Civil Procedure 25(a)(1). The District Court also granted summary judgment on Ray's excessive force claims, after finding that Ray did not exhaust his administrative remedies, and on Ray's retaliation and due process claims, after finding that no genuine issue of material fact existed for these claims. Ray appeals.[1] The District Court's order will be affirmed in part and vacated in part.

The claim against the late John Nash was properly dismissed. Pursuant to Federal Rule of Civil Procedure 25, an action against a deceased party shall be dismissed if a motion for substitution of the proper party is not made within 90 days after a suggestion

---

[1] This is Ray's second appeal from orders in his underlying lawsuit. Ray prevailed on his first appeal; we reversed the District Court's decision to dismiss his complaint *sua sponte* for failure to exhaust administrative remedies. *See Ray v. Kertes,* 285 F.3d 287 (3d Cir. 2002).

of death is filed on the record. *See* FED. R. CIV. P. 25(a)(1) (2004).  Defendants filed and served a suggestion of John Nash's death on May 2, 2003.  Ray did not substitute a representative of Nash's estate.

Summary judgment also was properly granted on Ray's First Amendment retaliation claims against Defendants Kertes, Stoltz, Reed, Rodgers, Hicks, Smith, Launtz, and Altmanshofer and on his due process claims against Defendants Norris and Smith.  Evidence that supports Defendants' contention that they did not retaliate against Ray includes declarations from Department of Corrections employees and copies of the threatening notes that Ray wrote.  Ray did not counter Defendants' evidence or otherwise substantiate his claim of retaliation.  Similarly, in the face of evidence from Defendants that Ray's due process rights were not violated, Ray submitted nothing to create a genuine issue of material fact.

However, summary judgment in favor of Defendants Kertes, Soltz, Reed, and Rodgers on the excessive force claims stemming from incidents on June 16, 1998 and November 16, 1998 should not have been granted.  The Prison Litigation Reform Act requires a prisoner to exhaust administrative remedies before bringing a complaint about prison conditions, including a complaint about excessive force by prison guards. *See* 42 U.S.C. § 1997e(a) (2004); *Ray v. Kertes*, 285 F.3d 287, 291 (3d Cir. 2002).  In the District Court, Defendants submitted a declaration to show Ray's failure to exhaust.  In that declaration, an administrative officer and records custodian in the Office of Inmate

3

Grievances and Appeals for the Department of Corrections averred that she had searched a database and had determined that "[Ray] did not exhaust his grievance rights claiming that any officers used force on him on June 16, 1998, or November 16, 1998." Declaration of Tshanna Kyler at ¶ 5. We disagree with the District Court's conclusion that this declaration shows that "[a]ccording to the records of the Department of Corrections, Ray did not seek final review in accordance with DC-ADM 804 of his grievances with the Chief Hearing Examiner of the Pennsylvania Department of Corrections." District Court Memorandum & Order at 10. Kyler's conclusory statement, mirroring the statutory language, does not constitute a factual report describing the steps Ray did or did not take to exhaust his grievances in compliance with Department of Corrections Administrative Directive 804 ("DC-ADM 804"). Presenting only this insufficient declaration, Defendants did not carry their burden to show Ray's failure to exhaust his administrative remedies. *See* FED. R. CIV. P. 56(e) (2004).

Furthermore, even if the Kyler declaration were sufficient proof of Ray's failure to exhaust his administrative remedies through the procedures set forth in DC-ADM 804, Ray makes an additional argument that he exhausted his administrative remedies through the misconduct appeals process. He also claims that the DC-ADM 804 procedures were unavailable because a prison regulation disallowed grievances from inmate disciplinary proceedings. The misconduct appeals process, set forth separately in Department of Corrections Administrative Directive 801, may not be relevant to whether Ray exhausted

4

his administrative remedies or whether Ray could not exhaust his administrative remedies through DC-ADM 804. *Cf. Spruill v. Gillis*, 372 F.3d 218, (3d Cir. 2004) (holding that the exhaustion requirement of the PLRA includes a procedural default component, but also describing DC-ADM 804 as the Pennsylvania grievance procedure, noting that it is fair to hold inmates to a single unchanging set of grievance rules, and emphasizing that the warden is responsible for the grievance system). However, when this Court was presented with the same argument at an earlier juncture in this case, we noted that the District Court in the first instance should consider whether an inmate may satisfy his or her exhaustion obligation in the course of the proceedings charging the inmate with misconduct. *See Ray v. Kertes*, 285 F.3d 287, 297-98 (3d Cir. 2002). The District Court did not discuss, as it should on remand, whether Ray satisfied his exhaustion obligation through the misconduct proceedings.

Moreover, although we express no opinion on the merits of Ray's related argument that DC-ADM 804 procedures were unavailable to him, the District Court may wish to consider it, also. In *Brown v. Croak*, this Court, citing *Ray v. Kertes* for the proposition that the availability of administrative remedies to a prisoner is a question of law, made clear that the PLRA requires exhaustion of all available remedies, not all remedies. *See* 312 F.3d 109, 111 (3d Cir. 2002). The *Brown* defendants were found to not have carried their burden to show failure to exhaust because a prisoner excused his failure to meet the formal requirements of DC-ADM 804 by contending that he relied to his detriment on

prison officials who misled him into thinking that he had to wait until a security investigation was complete before filing a grievance. *See id.* at 111-13. This Court remanded for a determination of whether Brown's reliance was justified, and whether the procedures of DC-ADM 804 were unavailable to him. *See id.* at 112-13. *See also Giano v. Goord*, 380 F.3d 670, 678-79 (2d Cir. 2004) (holding that a prisoner's civil rights suit was not barred by his failure to exhaust because it was justified by his reasonable belief that his appeal of a disciplinary misconduct charge foreclosed his ability to otherwise exhaust his administrative remedies); *Hemphill v. New York*, 380 F.3d 680, 690 (2d Cir. 2004) (remanding a case to the district court to determine whether the allegedly confusing regulations of New York Department of Correctional Services presented special circumstances that justified the plaintiff's failure to follow normal grievance procedures); *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) (remanding a case to the district court to determine whether grievance regulations were "sufficiently confusing so that a prisoner ... might have reasonably believed that he could raise his claim against [a correctional officer] as part of his defense in disciplinary proceedings [instead of in a separate grievance]").

Although this Court "may affirm a correct decision by a lower court on grounds different from those used by the lower court in reaching its decision," *see Erie Telecomms. v. Erie*, 853 F.2d 1084, 1089 (3d Cir. 1988), we cannot do so in this case. Summary judgment on the merits of the excessive force claims is not appropriate because

6

genuine issues of material fact remain.

For the reasons stated, the District Court's order will be affirmed to the extent that it dismissed the claim against the late John Nash, and to the extent that it granted summary judgment with respect to Ray's First Amendment retaliation claims against Defendants Kertes, Stoltz, Reed, Rodgers, Hicks, Smith, Launtz, and Altmanshofer and his due process claims against Defendants Norris and Smith. The District Court's order will be vacated to the extent that it granted judgment in favor of Defendants Kertes, Soltz, Reed, and Rodgers on the excessive force claims stemming from incidents on June 16, 1998 and November 16, 1998. This matter is remanded to the District Court for further proceedings consistent with this opinion.